# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FT. MYERS DIVISION

KENNETH LEHMAN, SHELIA JOHNSON,

        **Plaintiffs,**

-vs-                                            Case No. 2:08-cv-357-FtM-29DNF

DON HUNTER, Collier County Sheriff, in his individual and official capacity, JOSEPH ELLIS, Collier County Deputy, individually, BRIAN SAWYER, Collier County Deputy, individually,

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration on the following motion filed herein:

> **MOTION:**    **MOTION TO TAX COSTS (Doc. No. 56)**
>
> **FILED:**      March 17, 2009
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part and **DENIED** in part.

    The Defendants, Kevin Rambosk, Sheriff of Collier County, Joseph Ellis, and Brian Sawyer are requesting that the Court tax costs in the amount of $1,851.18. No response was filed to the Motion to Tax Costs by the Plaintiffs. The Defendants are requesting costs pursuant to Fed.R.Civ.P. 54(d).

Federal Rule of Civil Procedure 54 provides that a prevailing party may recover costs as a matter of course unless a statute, rule or court order provides otherwise. Fed.R.Civ.P. 54(d)(1). Congress has comprehensively regulated the taxation of costs in federal courts. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 444 (1987). Absent statutory language to the contrary, courts are limited in taxing costs to those costs enumerated in 28 U.S.C. §1920. *Id*. The Court has discretion to tax costs enumerated in §1920, however, it is prohibited from taxing costs that are not enumerated in that statute. *Id*. at 441-442.

Section 1920 provides the following list of taxable costs:

> A judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses and costs of special interpretation services under section 1828 of this title.

In the instant case, the Defendants are requesting costs for service which are taxable costs. 28 U.S.C. §1920(1). A private process server's fees may be taxed as long as the fees do not exceed the statutory fees authorized in 28 U.S.C. §1921. *See, EEOC v. W.O., Inc.*, 213 F.3d 600, 624 (11th Cir. 2000). Therefore, the Court will recommend that the service fees of $61.13 be taxed. ($20.00 + $41.13 = $61.13).

Section 1920(2) authorizes taxing the fees for the court reporter for the stenographic transcript necessarily obtained for use in the case. 28 U.S.C. §1920(2). Therefore, the Court will recommend

that the costs for the depositions of Sheilia Johnson, Kenneth Lehman, and Tammy Caraway ($521.05 + $324.00 +$255.00 = $579.00) be taxed.

The Defendants also included the cost for the DVD of the deposition of Tammy Caraway for use at trial. Costs incurred for the convenience of counsel are not taxable. *Price v. United Technologies Corp.*, 2001 WL 36085163, *1 (S.D. Fla. July 27, 2001). Therefore, the Court will recommend that $110.00 be deducted from the taxable costs for the DVD of Tammy Caraway's deposition..

The Defendants are also requesting that the Court tax costs for the rental of a conference room. Section 1920 does not include the taxation of costs for the rental of a room. 28 U.S.C. §1920. Therefore, the Court will recommend that $220.00 be deducted from the taxable costs. ($55.00 + $135.00 + $30.00 = $220.00).

Pursuant to Paragraph IV (F) of the Case Management and Scheduling Order (Doc. 35) entered on August 8, 2008, "[u]pon motion of the prevailing party, the party's share [of the mediation costs] may be taxed as costs in this action." Therefore, the Court will recommend that the mediator's fee of $360.00 be taxed.

The Court respectfully recommends:

1) That an award of $1521.18 in costs be taxed against the Plaintiffs.

2) That the Defendants be required to file a Bill of Costs for the amount of costs the District Court approves.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this  7th   day of April, 2009.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record